UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NICHOLAS ESTRADA,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>CALIFORNIA CORRECTIONAL INSTITUTION, et al.,<br><br>　　　　Defendants. | Case No.: 1:18-cv-00599-SAB (PC)<br><br>SCREENING ORDER GRANTING PLAINTIFF LEAVE TO FILE AN AMENDED COMPLAINT OR NOTIFY THE COURT OF HIS INTENT TO PROCEED UPON COGNIZABLE CLAIM<br><br>[ECF No. 1]<br><br>**THIRTY-DAY DEADLINE** |

Plaintiff Nicholas Estrada is appearing pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.

Currently before the Court is Plaintiff's complaint, filed on May 2, 2018. (ECF No. 1.)

**I.**

**SCREENING REQUIREMENT**

The Court is required to screen complaints brought by individuals who are proceeding in forma pauperis. See Calhoun v. Stahl, 254 F.3d 845 (9th Cir. 2001) (per curiam); 28 U.S.C. § 1915(e)(2). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that "fails to state a claim on which relief may be granted," or that "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

///

1

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Plaintiff must demonstrate that each named defendant personally participated in the deprivation of his rights. Iqbal, 556 U.S. at 676-677; Simmons v. Navajo County, Ariz., 609 F.3d 1011, 1020-1021 (9th Cir. 2010).

Prisoners proceeding pro se in civil rights actions are still entitled to have their pleadings liberally construed and to have any doubt resolved in their favor, but the pleading standard is now higher, Wilhelm v. Rotman, 680 F.3d 1113, 1121 (9th Cir. 2012) (citations omitted), and to survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged. Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Serv., 572 F.3d 962, 969 (9th Cir. 2009). The "sheer possibility that a defendant has acted unlawfully" is not sufficient, and "facts that are 'merely consistent with' a defendant's liability" falls short of satisfying the plausibility standard. Iqbal, 556 U.S. at 678; Moss, 572 F.3d at 969.

## II.

## COMPLAINT ALLEGATIONS

On August 28, 2016, Plaintiff was transferred to California Correctional Institution ("CCI") in Tehachapi, California, in the mental health program. He has severe mental disorders, including audio and visual hallucinations, bipolar disorder, depression, schizophrenia and has suffered abuse. While under the program (CCCMS), he was seen, treated, and diagnosed by an unlicensed psychologist; a social worker named R. Bounville, who referred to herself as a licensed psychologist. She had access to Plaintiff's mental health file. Plaintiff felt that his dignity was destroyed, and he was duped and embarrassed.

Ms. R. Bounville instructed and advised Plaintiff to stop taking his mental health medication, stating that it would cause long-term side effects. This is beyond the scope of her profession. Several times between August 2016 to June 2017, Plaintiff requested to see the social worker, displaying

2

symptoms of mental disorders. These included hearing voices, seeing false images, anxiety, weight gain and depression, lack of sleep, and anger issues. Her response was that Plaintiff was doing good and positive, and to continue. Plaintiff suffered mental strain, mental distress, and sleepless nights.

The social worker told Plaintiff that she would call him into her office every week to see how he was doing, but she never did. After several months of no responses or follow-ups, Plaintiff's symptoms became too overwhelming for him to handle. He requested to see her. She referred him to a psychologist.

When that date came, Plaintiff had a video conference and an assistance nurse was present, who took Plaintiff's vitals and remained present during the conference. During the session, Plaintiff tried to express his symptoms to the doctor, but did not feel comfortable because the nurse kept laughing and giggling at Plaintiff's symptoms. Plaintiff cut off the conversation and left the room.

Soon thereafter, the social work called Plaintiff for a meeting, and he was still under the impression that she was a psychologist. Plaintiff told her about the conference and his concerns. She gave Plaintiff a copy of who is entitled to see his file, and he became enraged, and requested to see the psychiatrist in person. The social worker stated that all communication was to be through video, including getting medication, and that there isn't any other option.

Plaintiff went on for months without mental health care, until CCI brought a licensed psychologist, Dr. Rosen. This was after Plaintiff filed a complaint that went two levels and up to Sacramento. The response to Plaintiff's complaint was how he found out that Bounville was a social worker and not a licensed psychologist.

Plaintiff also requests damages for the time spent at Avenal State Prison without a psychologist's care.

Plaintiff sues CCI Warden William Joe Sullivan; R. Bounville, the social worker; Paul Thornbug, LCSW at CCI; T. Tanaka, Ph.D., at Avenal State Prison; and the California Department of Corrections and Rehabilitation ("CDCR").

///
///
///

# III.

# DISCUSSION

### A. Section 1983 Liability

Section 1983 provides a cause of action for the violation of a plaintiff's constitutional or other federal rights by persons acting under color of state law. Nurre v. Whitehead, 580 F.3d 1087, 1092 (9th Cir 2009); Long v. County of Los Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006); Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). To state a claim under section 1983, a plaintiff is required to show that (1) each defendant acted under color of state law and (2) each defendant deprived him of rights secured by the Constitution or federal law. Long, 442 F.3d at 1185. This requires the plaintiff to demonstrate that each defendant personally participated in the deprivation of his rights. Iqbal, 556 U.S. at 677; Simmons, 609 F.3d at 1020-21; Ewing v. City of Stockton, 588 F.3d 1218, 1235 (9th Cir. 2009); Jones, 297 F.3d at 934. In other words, to state a claim for relief under section 1983, Plaintiff must link each named defendant with some affirmative act or omission that demonstrates a violation of his federal rights.

Supervisory personnel may not be held liable under section 1983 for the actions of subordinate employees based on respondeat superior, or vicarious liability. Crowley v. Bannister, 734 F.3d 967, 977 (9th Cir. 2013); accord Lemire v. California Dep't of Corr. and Rehab., 726 F.3d 1062, 1074-75 (9th Cir. 2013); Lacey v. Maricopa County, 693 F.3d 896, 915-16 (9th Cir. 2012) (en banc). "A supervisor may be liable only if (1) he or she is personally involved in the constitutional deprivation, or (2) there is a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation." Crowley, 734 F.3d at 977 (citing Snow v. McDaniel, 681 F.3d 978, 989 (9th Cir. 2012) (internal quotation marks omitted); accord Lemire, 726 F.3d at 1074-75; Lacey, 693 F.3d at 915-16. "Under the latter theory, supervisory liability exists even without overt personal participation in the offensive act if supervisory officials implement a policy so deficient that the policy itself is a repudiation of constitutional rights and is the moving force of a constitutional violation." Crowley, 734 F.3d at 977 (citing Hansen v. Black, 885 F.2d 642, 646 (9th Cir. 1989)) (internal quotation marks omitted).

///

Plaintiff names Warden Sullivan as a defendant, but does not state allegations about the warden. To the extent he is attempting to name the warden based solely on his supervisory position, he cannot do so. He must meet the standards discussed above.

Further, Plaintiff makes no allegations against Paul Thornburg. Plaintiff has attached documents that appear to show that Defendant Thornburg reviewed grievances that Plaintiff filed. The Court cannot make inferences from exhibits regarding what Plaintiff's claim is or what his factual allegations are. He must identify as a defendant each person he sues, and facts showing how that person's actions or inactions caused a deprivation of his constitutional rights.

### B. Eleventh Amendment

Plaintiff names CDCR, a state agency, as a defendant. The Eleventh Amendment prohibits federal courts from hearing suits brought against a non-consenting state. Brooks v. Sulphur Springs Valley Elec. Co., 951 F.2d 1050, 1053 (9th Cir. 1991); see also Seminole Tribe of Fla. v. Florida, 517 U.S. 44, 53 (1996); Puerto Rico Aqueduct Sewer Auth. v. Metcalf & Eddy, Inc., 506 U.S. 139, 144 (1993); Austin v. State Indus. Ins. Sys., 939 F.2d 676, 677 (9th Cir. 1991). This includes suits against state agencies. See Natural Resources Defense Council v. California Dep't of Tranp., 96 F.3d 420, 421 (9th Cir. 1996); Brooks v. Sulphur Springs Valley Elec. Co., 951 F.2d 1050, 1053 (9th Cir. 1991); Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989) (concluding that Nevada Department of Prisons was a state agency entitled to Eleventh Amendment immunity); Mitchell v. Los Angeles Community College Dist., 861 F.2d 198, 201 (9th Cir. 1989).

Because CDCR is a state agency, it is immune to Plaintiff's claims under the Eleventh Amendment. He cannot assert a claim against CDCR.

### C. Rule 18/ Rule 20

"A party asserting a claim to relief as an original claim, counterclaim, cross-claim, or third-party claim, may join, either as independent or alternate claims, as many claims, legal, equitable or maritime, as the party has against an opposing party." Fed. R. Civ. P. 18(a). However, a plaintiff may not bring unrelated claims against unrelated parties in a single action. Fed. R. Civ. P. 18(a), 20(a)(2); Owens v. Hinsley, 635 F.3d 950, 952 (7th Cir. 2011); George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007). Plaintiff may bring a claim against multiple defendants so long as (1) the claim(s) arise out of the same transaction

or occurrence, or series of transactions and occurrences, and (2) there are commons questions of law or fact. Fed. R. Civ. P. 20(a)(2); Coughlin v. Rogers, 130 F.3d 1348, 1351 (9th Cir. 1997); Desert Empire Bank v. Ins. Co. of N. Am., 623 F.3d 1371, 1375 (9th Cir. 1980).

Only if the defendants are properly joined under Rule 20(a) will the Court review the extraneous claims to determine if they may be joined under Rule 18(a), which permits the joinder of multiple claims against the same party. The Court must be able to discern a relationship between Plaintiff's claims, or there must be a similarity of parties. The fact that all of Plaintiff's allegations are based on the same type of constitutional violation does not necessarily make claims related for purposes of Rule 18(a). Nor are Plaintiff's claims all related because he feels CDCR, a warden, or other supervising personnel, failed to properly train or supervise all of the culpable actors. All claims that do not comply with Rules 18(a) and 20(a)(2) are subject to dismissal. Visendi v. Bank of Am., N.A., 733 F3d 863, 870–71 (9th Cir. 2013).

Here, most of Plaintiff's complaint alleges facts and events that occurred at CCI. Plaintiff also makes a brief statement that he requests damages for time spent at Avenal State Prison without a psychologist's care, and that he sues T. Tanaka, Ph.D., from Avenal State Prison. There are no facts showing any connection between the medical care that Plaintiff received at CCI and that at Avenal State Prison, and Plaintiff's claims appear to relate to different people at different places and times. Separate claims that are not related, under the standards explained above, must be brought in separate lawsuits.

**D.     Medical Care**

The gravamen of Plaintiff's complaint is inadequate mental health treatment. A prisoner's claim of inadequate medical care does not constitute cruel and unusual punishment unless the mistreatment rises to the level of "deliberate indifference to serious medical needs." Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006) (quoting Estelle v. Gamble, 429 U.S. 97, 104 (1976)). The "deliberate indifference" standard involves an objective and a subjective prong. First, the alleged deprivation must be, in objective terms, "sufficiently serious." Farmer v. Brennan, 511 U.S. 825, 834 (1994) (citing Wilson v. Seiter, 501 U.S. 294, 298 (1991)). Second, the prison official must act with a "sufficiently culpable state of mind," which entails more than mere negligence, but less than conduct undertaken for the very purpose of causing harm. Farmer, 511 U.S. at 834–35.

6

The two-part test for deliberate indifference requires the plaintiff to show (1) "a 'serious medical need' by demonstrating that failure to treat a prisoner's condition could result in further significant injury or the 'unnecessary and wanton infliction of pain,'" and (2) "the defendant's response to the need was deliberately indifferent." Jett, 439 F.3d at 1096. A prison official does not act in a deliberately indifferent manner unless the official "knows of and disregards an excessive risk to inmate health or safety." Farmer, 511 U.S. at 837. "Deliberate indifference is a high legal standard," Simmons, 609 F.3d at 1019 (9th Cir.2 010); Toguchi v. Chung, 391 F.3d 1051, 1060 (9th Cir. 2004), and is shown where there was "a purposeful act or failure to respond to a prisoner's pain or possible medical need" and the indifference caused harm, Jett, 439 F.3d at 1096. Indifference "may appear when prison officials deny, delay or intentionally interfere with medical treatment, or it may be shown by the way in which prison physicians provide medical care." Id. (citation omitted).

In applying this standard, the Ninth Circuit has held that before it can be said that a prisoner's civil rights have been abridged, "the indifference to his medical needs must be substantial. Mere 'indifference,' 'negligence,' or 'medical malpractice' will not support this cause of action." Broughton v. Cutter Laboratories, 622 F.2d 458, 460 (9th Cir. 1980) (citing Estelle, 429 U.S. at 105–06). "[A] complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment. Medical malpractice does not become a constitutional violation merely because the victim is a prisoner." Estelle, 429 U.S. at 106; see also Anderson v. County of Kern, 45 F.3d 1310, 1316 (9th Cir. 1995). Even gross negligence is insufficient to establish deliberate indifference to serious medical needs. See Wood v. Housewright, 900 F.2d 1332, 1334 (9th Cir. 1990). Additionally, a prisoner's mere disagreement with diagnosis or treatment does not support a claim of deliberate indifference. Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir. 1989).

Plaintiff alleges that Defendant Bounville, a social worker, told him to stop taking his mental health medication, which was beyond the scope of her profession. He requested to see her several times between August 2016 and June 2017, displaying symptoms of severe mental health disorders, but she told him he was doing good and positive, and to continue. Liberally construed, Plaintiff has stated a cognizable claim against Defendant Bouneville for inadequate mental health care in violation of the

Eighth Amendment. However, as discussed above, this cognizable claim appears to be improperly joined with other claims and allegations that may not belong in this action. Plaintiff must select a cognizable claim to proceed upon, or properly amend his allegations.

Plaintiff also makes allegations of inadequate care more generally, including that he should not have been treated by Defendant Bouneville and allegations about a video session with a doctor and nurse. The Court cannot determine whether Plaintiff seeks to state any claim based on these allegations, or who is the defendant(s) to such claims. Plaintiff has not shown liability here or linked a defendant to the deprivation of his rights. He has not stated any cognizable claim based on those allegations according to the standards discussed above.

## IV.

## CONCLUSION AND ORDER

For the reasons discussed, the Court finds that Plaintiff has stated a cognizable claim against Defendant Bouneville for inadequate mental health care in violation of the Fourteenth Amendment. However, the claim appears to be improperly joined, and Plaintiff has not stated any other cognizable claims. Plaintiff shall be granted leave to file an amended complaint to cure the deficiencies identified in this order. See Lopez v. Smith, 203 F.3d 1122, 1127 (9th Cir. 2000).

The Court will grant Plaintiff an opportunity to cure the identified deficiencies which Plaintiff believes in good faith, are curable. Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000). If Plaintiff chooses to amend his complaint, he may not change the nature of this suit by adding new, unrelated claims in his second amended complaint. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

If Plaintiff does not wish to file an amended complaint and he is agreeable to proceeding only on the cognizable claim identified by the Court, he may file a notice informing the Court that he does not intend to amend and he is willing to proceed only on his claim against Defendant Bouneville. The Court will then recommend to a district judge that this case only proceed on that claim for the reasons discussed above.

If Plaintiff chooses to file an amended complaint, that complaint should be brief, Fed. R. Civ. P. 8(a), but it must also state what each named defendant did that led to the deprivation of Plaintiff's

constitutional rights, Iqbal, 556 U.S. at 678-89.  Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ."  Twombly, 550 U.S. at 555 (citations admitted).

An amended complaint supersedes all prior complaints.  Lacey v. Maricopa County, 693 F.3d 896, 927 (9th Cir. 2012).  Absent prior court approval, the amended pleading must be complete in itself without reference to any prior pleading.  Local Rule 220.  Finally, any amended complaint is limited to 25 pages in length.  An amended complaint which exceeds this limit will be stricken.

Based on the foregoing, it is HEREBY ORDERED that:

1. The Clerk's Office shall send Plaintiff a civil rights complaint form;

2. Within **thirty (30) days** from the date of service of this order, Plaintiff shall file either:

   a. an amended complaint, limited to 25 pages in length, or

   b. a notice of his intent to proceed upon the cognizable claim identified in this order; and,

3. <u>Plaintiff is warned that if he fails to comply with this order, the Court will recommend to the district judge that this action be dismissed for the failure to prosecute and the failure to comply with a court order</u>.

IT IS SO ORDERED.

Dated:  **September 28, 2018**

UNITED STATES MAGISTRATE JUDGE