# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NICHOLAS ESTRADA, | Case No. 1:18-cv-00599-AWI-SAB (PC) |
| Plaintiff, | ORDER ADOPTING FINDINGS AND RECOMMENDATIONS, DISMISSING CERTAIN CLAIMS AND DEFENDANTS, AND REFERRING MATTER BACK TO MAGISTRATE JUDGE FOR INITIATION OF SERVICE OF PROCESS |
| v. | |
| CALIFORNIA CORRECTIONAL INSTITUTION, et al., | |
| Defendants. | (ECF No. 9) |

Plaintiff Nicholas Estrada is a former state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983. This matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On February 12, 2019, the assigned Magistrate Judge screened Plaintiff's first amended complaint and issued Findings and Recommendations recommending that this action proceed on Plaintiff's claim against Defendants Bounville and Sullivan for deliberate indifference in violation of the Eighth Amendment, and that all other claims and Defendants be dismissed from the action for failure to state a cognizable claim for relief. (ECF No. 9.) The Findings and Recommendations were served on Plaintiff and contained notice that any objections thereto were to be filed within fourteen (14) days after service of the findings and recommendations. (Id. at 15.)

On February 22, 2019, the February 12, 2019 Findings and Recommendations mailed to Plaintiff were returned by the U.S. Postal Service as undeliverable. On February 25, 2019, Plaintiff filed a notice of change of address. (ECF No. 10.) On February 26, 2019, the February 12, 2019

1

Findings and Recommendations were re-served by mail on Plaintiff at his new address of record. However, on April 22, 2019, the Court discovered that the Findings and Recommendations served on February 26, 2019 had been mailed to an incorrect zip code. On April 23, 2019, the Court corrected the zip code of Plaintiff's address of record and re-served the February 12, 2019 Findings and Recommendations on Plaintiff at his corrected address of record.

More than fourteen days have passed since the February 12, 2019 Findings and Recommendations were re-served, and no objections have been filed.

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), this Court has conducted a *de novo* review of this case. Having carefully reviewed the entire file, the Court finds that the Magistrate Judge's findings and recommendations are generally supported by the record and by proper analysis.

However, the Court respectfully declines to adopt the F&R's analysis with respect to Plaintiff's request for an intra-district transfer to Bakersfield. Pursuant to Local Rule 120(f), the Court may transfer an action to another "venue" within the Eastern District of California "for good cause" or if a suit is commenced in a venue that is contrary to the provisions of Rule 120. See Local Rule 120(f). In relevant part, Local Rule 120 states that all civil actions arising in Kern County are to be commenced in the Fresno Division. See Local Rule 120(d). Only in criminal matters involving Magistrate Judges is Bakersfield a possible proper venue. Since this case was properly commenced in the Fresno Division, and this case is not a criminal matter, there is no violation of Rule 120(d); this case is properly venued in Fresno. Assuming without deciding that it is possible to transfer this civil matter to Bakersfield, a venue where only a magistrate judge regularly sits, Plaintiff has not shown "good cause" to justify such a transfer. Therefore, Plaintiff's request for an intradistrict transfer is denied.[1]

With this limitation, the Court will adopt the F&R.

---

[1] Additionally, the F&R stated that discretionary intradistrict transfers are subject to the same considerations as a transfer under 28 U.S.C. § 1404. However, § 1404 is not mentioned in Local Rule 120. If the venue provision of Local Rule 120 is not followed, the Court is authorized to transfer the case to the proper division without limitation; consideration of § 1404 factors is unnecessary. While the Court agrees that some courts do consider the § 1404 factors in deciding a request for intradistrict transfer, and that § 1404 factors may be helpful in determining whether there is "good cause" for a transfer under Local Rule 120(f), the Court declines to hold that consideration of § 1404 factors is mandatory in order to determine "good cause."

Accordingly, IT IS HEREBY ORDERED that:

1. The Findings and Recommendations issued on February 12, 2019, (ECF No. 9), are adopted as discussed above;
2. This action shall proceed against Defendants Bounville and Sullivan for deliberate indifference in violation of the Eighth Amendment;
3. All other claims and defendants are dismissed from this action based on Plaintiff's failure to state cognizable claims for relief;
4. Plaintiff's request for an intradistrict transfer is denied; and
5. This action is referred back to the assigned Magistrate Judge for initiation of service of process.

IT IS SO ORDERED.

Dated: June 10, 2019

_____
SENIOR DISTRICT JUDGE